IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

                       Plaintiff,                        ORDER

v.

                                                     17-cv-193-wmc

DR. SINGLETON, et al.,

                       Defendants.

The court is in receipt of *pro se* plaintiff Paul Ammerman's motion seeking leave of court to use his release account funds "to pay for copies, postage, filing fees and service fees related to this Case." (Dkt. #50 at 1.) For the reasons that follow, Ammerman's motion will be denied.

The use of inmate release account funds is governed by state law: "Prior to release, the department may authorize the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the department for incarceration costs, including legal loans and restitution." Wis. Admin. Code § DOC 309.466(2). There is no federal law that requires state officials to give prisoners money from their release account to pay the costs of prosecuting a civil lawsuit, such as postage and copying fees. The only circumstance permitting this court to order use of release account funds is when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment. *See Artis v. Meisner*, No. 12-cv-589-wmc, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority *requiring* the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)); *Mosby v. Wommack*,

No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account.").

In sum, this court lacks the authority to direct prison officials to release plaintiff's funds from his release account for use in this lawsuit or other litigation matters.

ORDER

IT IS ORDERED THAT plaintiff's motion for access to release account (dkt. #50) is DENIED.

Dated this 2nd day of January, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge